\*\*Original Filed 12/19/06\*\*

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| EQUILON ENTERPRISES LLC, a Delaware Corporation, d/b/a SHELL OIL PRODUCTS US,<br><br>Plaintiff,<br><br>v.<br><br>MEHDI SHAHBAZI, et al.,<br><br>Defendants. | Case Number C 06-05818 JF (PVT)<br><br>ORDER[1] DENYING IN PART AND GRANTING IN PART EMERGENCY MOTION<br><br>[re: docket no. 50] |

    On December 5, 2006, the Court granted Plaintiff Equilon Enterprises LLC's motion for a preliminary injunction. On December 18, 2006, Defendant Mehdi Shahbazi ("Shahbazi") filed an emergency motion for leave to file a motion for reconsideration and requesting that the default judgment entered against Defendant Salinas Shell be set aside.

    Shahbazi does not present the Court with a legally sufficient ground on which to grant leave to file a motion for reconsideration. Instead, Shahbazi repeats arguments that he made prior to the Court's grant of the preliminary injunction. Specifically, Shahbazi repeats his earlier request that the Court facilitate his sale of the station which is the subject of this lawsuit. The

---

[1] This disposition is not designated for publication and may not be cited.

1 Court considered this request in granting the preliminary injunction.  The Court also considered
2 Shahbazi's claims to ownership of the station in requiring that Equilon post a bond of
3 $100,000.00.  This bond will ensure that Shahbazi is compensated for any damage that occurs
4 because of the grant of the preliminary injunction.  Accordingly, the Court will not grant
5 Shahbazi leave to file a motion for reconsideration on this basis or on any other basis asserted in
6 the emergency motion.

7    Shahbazi requests that the Court set aside the default judgment entered against Salinas
8 Shell.  However, Shahbazi does not provide the Court with legal authority indicating that the
9 entry of judgment was improper.  Accordingly, the Court will not grant the motion to set aside
10 the default judgment entered against Salinas Shell.

11    Shahbazi states in his motion and the accompanying declaration that he was unable to
12 remove valuable inventory and equipment from the station before he was forced to leave.  In an
13 email dated December 8, 2006, Counsel for Equilon, Colin West of Bingham McCutchen, wrote
14 to Shahbazi: "We will ensure that none of your property is damaged, and we can arrange for you
15 to get the property at a convenient time for both parties."  Such arrangements appear not to have
16 been made to date.  Accordingly, the Court orders Equilon to confer with Shahbazi and take all
17 reasonable steps to allow Shahbazi to collect his inventory within two weeks of the issuance of
18 this order.  During that period, Equilon shall also agree to a reasonable plan proposed by
19 Shahbazi for the removal of his other property, including equipment.  Any property that Equilon
20 reasonably believes in good faith that it owns shall remain at the station and shall remain subject
21 to this lawsuit.

22    IT IS SO ORDERED.

24 DATED: December 19, 2006.

27    _____
   JEREMY FOGEL
   United States District Judge

2

Case No. C 06-05818 JF (PVT)
ORDER DENYING IN PART AND GRANTING IN PART EMERGENCY MOTION
(JFLC1)

1  This Order has been served upon the following persons:

2  Gary Ernest Gray        ggray@ggraylaw.com

3  Rosanne L. Mah          rosanne.mah@bingham.com

4  James Severson          james.severson@bingham.com

5  Colin C. West           colin.west@bingham.com

6  Notice will be delivered by other means to:

7  Mehdi Shahbazi
   3030 Del Monte Blvd.
8  Marina, CA 93933

3

Case No. C 06-05818 JF (PVT)
ORDER DENYING IN PART AND GRANTING IN PART EMERGENCY MOTION
(JFLC1)