**Original Filed 2/7/07**

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| EQUILON ENTERPRISES LLC, a Delaware Corporation, d/b/a SHELL OIL PRODUCTS US,<br><br>Plaintiff,<br><br>v.<br><br>MEHDI SHAHBAZI, et al.,<br><br>Defendants. | Case Number C 06-05818 JF<br><br>ORDER[1] (1) DENYING DEFENDANT'S MOTION TO EXTEND TIME TO FILE ANSWER TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT AND DEFAULT JUDGMENT; AND (2) GRANTING MOTION FOR DEFAULT JUDGMENT<br><br>[re. docket no. 60, 68] |

On February 2, 2007, Defendant Mehdi Shahbazi ("Shahbazi") filed a motion for extension of time to reply to Plaintiff Equilon Enterprises, LLC's ("Equilon") motion for summary judgment or partial summary judgment and for the entry of default judgment against Defendant Salinas Shell ("Salinas Shell"). On February 6, 2007, Equilon filed opposition to the motion.

---

[1] This disposition is not designated for publication and may not be cited.

Case No. C06-05818 JF
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO EXTEND TIME TO FILE ANSWER TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT AND DEFAULT JUDGMENT AND GRANTING MOTION FOR DEFAULT JUDGMENT
(JFEX1)

1.  **Motion for Summary Judgment**

Shahbazi seeks an extension on the basis that financial difficulties prevent him from obtaining the discovery he seeks. The Court informed Shahbazi during the January 26, 2007 case management conference in the action regarding the Marina station, C 05-05102 JF, that he must file a Rule 56(f) motion in order to continue a summary judgment hearing if additional time for discovery is needed. This Court specifically instructed Shahbazi that a Rule 56(f) motion requires an affidavit outlining the specific facts that Shahbazi hopes to obtain through discovery. A defendant must show (1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are "essential" to resist the summary judgment motion. *California ex rel. Cal. Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998). Shahbazi, in his instant motion, failed to adhere to Rule 56(f) on all three grounds. Accordingly, the Court will deny this aspect of the motion.

The Court will hear oral argument on the motion for summary judgment or partial summary judgment as currently scheduled on February 9, 2007. The deadline for filing an opposition to the motion has passed.[2][3] The Court will determine after oral argument whether it should allow any additional briefing prior to resolution of this matter.

---

[2] Shahbazi filed opposition in the late afternoon of February 6, 2007. In the interests of justice, the Court will review all documents. The Court is aware that Equilon has not had an opportunity to reply.

[3] Shahbazi filed an additional document entitled "Seek to File Late Answer to Plaintiff Equilon Motion for Summary Judgment and Partial Summary Judgment and Motion for Default" during the late afternoon of February 6, 2007. For the purposes of this motion, the Court will treat the February 6, 2007 motion and the February 2, 2007 motion to extend time as one and the same.

**2.   Motion for Default Judgment**

Equilon's motion for default judgment[4] against Defendant Salinas Shell, filed on December 22, 2206, will be taken under submission without oral argument. *See* Civil L. R. 7-1(b). Shahbazi may not file an opposition to Equilon's motion for default judgment as to Salinas Shell because a partnership "may appear only through a member of the bar of this Court." Civil L.R. 3-9(b).

Since Shahbazi cannot represent the partnership, Shahbazi cannot oppose the motion for entry of default judgment against Salinas Shell and the Court will not grant him an extension to do so. Salinas Shell has not filed an opposition to the motion. The Court has reviewed the papers filed by Equilon and will grant the motion.

Good cause appearing, IT IS HEREBY ORDERED that:

(1) The motion to extend time to file answer to Plaintiff's motion for summary judgment or partial summary judgment is DENIED.

(2) The motion for entry of default judgment is GRANTED.

(3) The Court will hear oral argument on Plaintiff's motion for summary judgment or partial summary judgment on February 9, 2007.

DATED: February 7, 2007

JEREMY FOGEL
United States District Judge

---

[4] The emergency motion, filed on December 18, 2006, was entitled "Emergency Motion to Live [sic] to File for Reconsideration of December 5, 2006 Order and Request to Set Aside the Default." Within its December 19, 2006 order, the Court referred to the emergency motion as seeking to set aside a default judgment when it should have referred to the clerk's entry of default. Default judgment has not been issued previously in this case.

3

Case No. C 06-05818 JF
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO EXTEND TIME TO FILE ANSWER TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT AND DEFAULT JUDGMENT AND GRANTING MOTION FOR DEFAULT JUDGMENT
(JFEX1)

1

2   This Order has been served upon the following persons:

3

4   Gary Ernest Gray           mail@graybattey.com
    Rosanne L. Mah             rosanne.mah@bingham.com
5   James Severson             james.severson@bingham.com
6   Colin C. West              colin.west@bingham.com

7
    Mehdi Shahbazi
8   3030 Del Monte Blvd.
    Marina, CA 93933
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                    4
    Case No. C 06-05818 JF
    ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO EXTEND TIME TO FILE
    ANSWER TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT
    AND DEFAULT JUDGMENT AND GRANTING MOTION FOR DEFAULT JUDGMENT
    (JFEX1)