\*\* Original Filed 4/4/07 \*\*

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| EQUILON ENTERPRISES LLC, a Delaware Corporation, d/b/a SHELL OIL PRODUCTS US,<br><br>Plaintiff,<br><br>v.<br><br>MEHDI SHAHBAZI, et al.,<br><br>Defendants. | Case Number C 06-05818 JF<br><br>ORDER DENYING DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT<br><br>[Docket No. 82] |

On March 13, 2007, the Court granted the motion of Plaintiff Equilon Enterprises, LLC ("Equilon") for summary judgment against Mehdi Shahbazi ("Shahbazi"), Balwinder Singh (also known as Ben Pannu) ("Pannu"), and the Shahbazi-Pannu partnership doing business as Salinas Shell ("the partnership"). The Court granted summary judgment for Equilon on the grounds that the Lease was validly terminated under both the Petroleum Marketing Practices Act ("PMPA") and the terms of the Lease itself because of (i) the partnership's failure to pay rent, (ii) the partnership's failure to sell fuel for seven consecutive days, and (iii) Pannu's withdrawal from the partnership. The Court also found that there is no genuine issue of material fact as to Shahbazi's assertions that Equilon terminated the Lease for improper reasons or breached its duty to act in good faith and within the course of business. On March 13, 2007, the Court

1 entered judgment in favor of Equilon. On March 22, 2007, Shahbazi filed a motion to alter or
2 amend the order granting Equilon's motion for summary judgment pursuant to Federal Rule of
3 Civil Procedure 59(e) ("Rule 59(e)"). Equilon opposes the motion. The Court concludes that
4 the matter is appropriate for decision without oral argument. *See* Civ. L.R. 7-1(b).

5 A motion for reconsideration of summary judgment may be brought pursuant to Federal
6 Rule of Civil Procedure 59(e). *School District No. 1J, Multnomah County v. ACandS*, 5 F.3d
7 1255, 1262 (9th Cir. 1993); *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991). The
8 decision whether to grant reconsideration is committed to the sound discretion of the district
9 court and will be reviewed only for abuse of discretion. *Multnomah*, 5 F.3d at 1262.
10 Reconsideration pursuant to Rule 59(e) is appropriate if: (1) the district court is presented with
11 newly discovered evidence; (2) the district court committed clear error or the initial decision was
12 manifestly unjust; or (3) there is an intervening change in controlling law. *Id*. at 1263. The
13 repetition of arguments which the district court already considered and rejected is not a proper
14 basis for reconsideration. *Fuller*, 950 F.2d at 1442.

15 Shahbazi asserts that there are triable issues of fact regarding the circumstances
16 surrounding Equilon's termination of the March 2006 Retail Facility Lease ("the Lease") and its
17 alleged bad faith in its business relationship with Shahbazi. Motion 1. Shahbazi also asserts that
18 the issue of unpaid rent was pretextual and that under the PMPA Equilon may not terminate its
19 franchisee in bad faith. Motion 3. However, Shahbazi does not present any new evidence
20 suggesting that the Lease was terminated improperly or that Equilon breached its duty to act in
21 good faith and within the course of business.

22 Shahbazi urges the Court to analyze its ruling in an earlier case, *Shahbazi et al v. Equilon*
23 *Enterprises, LLC et al*, CV 03-00212, in deciding this motion, arguing that the ruling establishes
24 that there are triable issues of fact and that Equilon has exercised bad faith in the present case.
25 Motion 1. In the 2003 case, the Court granted judgment for Equilon, and that determination was
26 affirmed by the Ninth Circuit. West Decl. at Ex. A; West Decl. at Ex. H. Nothing in that case
27 provides a basis for granting the instant motion. Shahbazi also requests that the Court consider
28 the formal judgment entered in October 2003, but he offered no legal or factual basis for doing

so.

The Court repeatedly has granted Shahbazi extensions of time to oppose Equilon's efforts to obtain relief, and in consideration of Shahbazi's *pro se* status, has considered the arguments in Shahbazi's opposition papers with great liberality.  There is nothing in the instant motion that has not been presented to the Court previously in Shahbazi's briefings and oral argument. Shahbazi fails to identify a decision by the Court that was manifestly unjust, and there has not been an intervening change in controlling law.  Accordingly, the motion is denied.

IT IS SO ORDERED.

DATED: April 4, 2007

_____
JEREMY FOGEL
United States District Judge

1  This Order has been served upon the following persons:

2  Gary Ernest Gray           mail@graybattey.com
3  Rosanne L. Mah             rosanne.mah@bingham.com
4  James Severson             james.severson@bingham.com
   Colin C. West              colin.west@bingham.com
5

6  Mehdi Shahbazi
   3030 Del Monte Blvd.
7  Marina, CA 93933

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4
Case No. C 06-05818 JF
ORDER DENYING DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT
(JFEX1)