1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**E-Filed 5/30/2007**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

EQUILON ENTERPRISES LLC, a Delaware
Corporation, d/b/a SHELL OIL PRODUCTS US,

Plaintiff,

v.

MEHDI SHAHBAZI, et al.,

Defendants.

Case Number C 06-05818 JF

ORDER GRANTING IN PART AND
DENYING IN PART MOTION FOR
ATTORNEYS' FEES AND COSTS

[Docket No. 83]

On September 21, 2006, Plaintiff Equilon Enterprises LLC ("Equilon"), doing business as
Shell Oil Products US ("Shell"), filed this action against Defendants Mehdi Shahbazi
("Shahbazi"), Balwinder Singh (also known as Ben Pannu) ("Pannu"), and the Shahbazi-Pannu
partnership doing business as Salinas Shell ("the partnership"). The complaint requested
declaratory relief, injunctive relief and damages arising from Equilon's termination of
Defendants' lease of the Salinas Shell service station located at 417 North Main Street in Salinas,
California and Shahbazi's subsequent refusal to vacate. On March 13, 2007, the Court granted
Equilon's motion for summary judgment against Shahbazi, Pannu, and the partnership. The
Court granted summary judgment for Equilon on the grounds that the lease was terminated
validly under both the Petroleum Marketing Practices Act and the terms of the lease itself

1   because of (i) the partnership's failure to pay rent, (ii) the partnership's failure to sell fuel for

2   seven consecutive days, and (iii) Pannu's withdrawal from the partnership.  The Court also found

3   that there is no genuine issue of material fact as to Shahbazi's assertions that Equilon terminated

4   the Lease for improper reasons or breached its duty to act in good faith and within the course of

5   business.  On March 13, 2007, the Court entered judgment in favor of Equilon.  On March 22,

6   2007, Shahbazi filed a motion to alter or amend the order granting Equilon's motion for

7   summary judgment pursuant to Federal Rule of Civil Procedure 59(e).  Equilon opposed the

8   motion, which was denied on April 4, 2007.[1]

9          On March 27, 2007, Equilon moved for attorneys' fees and costs.  Equilon requests

10   attorneys' fees in the amount of $216,872[2] and costs in the amount of $15,586.87.  Shahbazi filed

11   an untimely opposition on May 17, 2007, and the Court heard oral argument on May 18, 2007.

12   The opposition filed by Shahbazi provides no specific objections to the amounts requested as

13   costs and fees by Equilon.  Instead, the opposition requests reconsideration of the Court's prior

14   rulings on the merits of this action.  The Court has considered this request, but concludes that

15   Shahbazi has not provided sufficient new evidence to justify altering the Court's prior orders.

16   For the most part, Shahbazi states his own views as to the relevant facts.  In the absence of

17   supporting admissible evidence, such statements are insufficient to create a triable issue of fact.

18   The newly-offered statements made by David Burrow, Shell's Regional Manager, in a recorded

19   voicemail are insufficient to raise a triable issue of fact as to Equilon's bad faith.  At most, the

20   statements show that Shell was unwilling to work with Shahbazi in the future but would be

21   willing to work with Pannu if he was separated from Shahbazi.  The statement that the "[l]ong-

22   term intention at the site, though, is to sell the – real estate and the improvements and let the

23

24   ―――――――――――――

25   [1]  The Court concluded that the matter was appropriate for decision without oral
     argument.  *See* Civ. L.R. 7-1(b).

26   [2]  This amount is comprised of $192,274 requested for the period ending March 9, 2007,
27   Motion 10, plus $28,624 requested for the period between March 10, 2007 and May 4, 2007,
     Reply 1, minus the amount of $4,029 that Plaintiff stated at oral argument should have been
28   included in another matter involving the same parties.

1 │ buyer become and open dealer with – you know, with a Shell wholesaler," suggests that Shell in

2 │ fact would have endorsed Shahbazi's legitimate efforts to sell his interest in the station.  It does

3 │ not support the contention that Shell acted in bad faith by failing to exercise its right of first

4 │ refusal in a timely manner and thereby deprived Shahbazi of the ability to sell his interest in the

5 │ station.

6 │      Equilon is the prevailing party in this litigation and is entitled to attorneys' fees under the

7 │ lease.  The hours and rates that form the basis of the fee request are reasonable.  The costs are

8 │ appropriate, with the exception of the costs claimed for electronic research.  Equilon cites no

9 │ authority indicating that a court in this district may tax such costs.  Equilon suggests in the

10 │ alternative that the amount should be granted as attorneys' fees, but cites no California or Ninth

11 │ Circuit authority allowing such an award.  Moreover, in light of the total fee request, the

12 │ complexity of the litigation, and the underlying hours and rates, the Court concludes that even if

13 │ such an award were permitted by law, it would not be appropriate in this case.  Accordingly, the

14 │ Court concludes that the motion for attorneys' fees and costs should be granted in part and

15 │ denied in part.  Shahbazi shall pay attorneys' fees of $216,869 and costs of $522 to Equilon

16 │ within ninety days of the date of this order.

18 │ IT IS SO ORDERED.

20 │ DATED: May 30, 2007.

22 │
23 │ JEREMY FOGEL
│ United States District Judge

3

This Order has been served upon the following persons:

Gary Ernest Gray                ggray@ggraylaw.com

Rosanne L. Mah                  rosanne.mah@bingham.com

James Severson                  james.severson@bingham.com

Colin C. West                   colin.west@bingham.com

Notice will be delivered by other means to:

Mehdi Shahbazi
3030 Del Monte Blvd.
Marina, CA 93933

4